UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTY THEALL, an individual

    Plaintiff,

v.                                                                    Case No: 2:13-cv-408-FtM-29CM

DOLLAR TREE STORES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court are the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 30) and Settlement Agreement and Release of FLSA Claims (Doc. 30-1), filed on May 2, 2014. The undersigned held a Settlement Conference on April 24, 2014, during which the parties reached an agreement to settle Plaintiff's claims. The parties now request that the Court approve the settlement as to the FLSA overtime claim and enter an order dismissing this case with prejudice. Doc. 30. For the reasons set forth herein, the Court recommends that the settlement be approved and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation. A failure to file timely objections waives a party's right to *de novo* review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02(a).

compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.  The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages.  *Id.*  When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff brought this claim for failure to pay overtime wages and retaliation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and retaliation pursuant to Florida's Private Whistleblower Act, Section 448.102(3), Florida Statutes, seeking recovery of unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs arising out of her employment with Defendant from August 3, 2009 through November 4, 2011.  Doc. 1 at 1-3.  The parties inform

the Court that they negotiated Plaintiff's FLSA overtime claim separately from the retaliation claims, and ask the Court to approve the FLSA wage settlement.[2]

The parties agree that this case involves disputed issues and Defendant continues to deny liability for Plaintiff's claims. Doc. 30 at 2; Doc. 30-1 at 1. Defendant has, however, agreed to pay and Plaintiff has agreed to accept a compromised amount of the disputed overtime claim in light of Defendant's affirmative defenses and the "limited amount" of overtime Plaintiff may have worked during the time she was a non-exempt employee. Doc. 30 at 2, 3. Specifically, Defendant has agreed to pay Plaintiff $500.00 for back wages and $500.00 for liquidated damages. Doc. 30-1 at 2. Defendant has also agreed to pay $1,000.00 for Plaintiff's attorney's fees and costs, which the parties represent were negotiated separately from Plaintiff's FLSA overtime claim and are based upon counsel's hourly rate and costs of $450.00 incurred in this case. Doc. 30 at 3; Doc. 30-1 at 2.

Pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

---

[2] Although the parties are required to submit settlements of FLSA wage claims for approval, the Court need not approve the parties' settlement of FLSA retaliation claims or non-FLSA claims. *See McQuillan v. H.W. Lochner, Inc.*, No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D.Fla. Nov. 25, 2013); *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-cv-1583, Orl-36GJK, 2012 WL 1165598, at *3 (M.D.Fla. Mar. 26, 2012), *report and recommendation adopted by* 2012 WL 116548 (M.D.Fla. Apr. 9, 2012).

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D.Fla. Feb. 26, 2014) (order adopting report and recommendation). The fee in this case appears to be reasonable and the parties agree that "[t]he amount of settlement to Plaintiff is fair and reasonable given the [likelihood] of success on the merits of the claim." Doc. 30 at 3.

Thus, the Court, having reviewed the settlement documents (Doc. 30-1), concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. That the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 30) be **GRANTED** and the Settlement Agreement and Release of FLSA Claims (Doc. 30-1) be **APPROVED**; and

2. That the Court enter an Order adopting the Report and Recommendation and dismissing the case with prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Copies:
Counsel of record